IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

J&J SPORTS PRODUCTION, INC.,           )
                                       )
                    Plaintiff,         )
                                       )
vs.                                    )    Case Number CIV-16-424-C
                                       )
LAYFETTE FLETCHER a/k/a                )
LAYFETTE WILLIAMS, individually and    )
d/b/a WOODY'S SPORTS BAR & GRILL,      )
                                       )
                    Defendant.         )

**MEMORANDUM OPINION AND ORDER**

Plaintiff seeks entry of default judgment awarding damages against Defendant, following the Clerk's Entry of Default on January 6, 2016. Although the Court's file reflects that Plaintiff has properly served Defendant, and the time to answer the summons has long since passed, Defendant has failed to answer or otherwise respond to this matter. Accordingly, Plaintiff is entitled to Default Judgment pursuant to Fed. R. Civ. P. 55(b)(2) against Defendant.

Viewing the allegations in Plaintiff's Complaint as admitted, Defendant has violated 47 U.S.C. § 553 and 47 U.S.C. § 605 et seq. by intercepting and exhibiting a program licensed for distribution to Plaintiff without paying Plaintiff the required fees. According to the well-supported allegations in Plaintiff's Complaint and the affidavits attached to the present motion, Defendant exhibited the program to persons in a commercial establishment and was therefore obligated to purchase the right to exhibit the program from Plaintiff. Given the nature of the safeguards set forth to prevent obtaining the signal from other than

proper means, Plaintiff has established that Defendant's interception of the signal was willful. Further, given the nature of Defendant's business, Plaintiff has established that Defendant's display of the program was for commercial advantage or personal financial gain. The fees that Plaintiff would have charged if Defendant had properly obtained the rights to the broadcast would be approximately $3,000.00. Plaintiff requests the Court to award an amount in excess of that rate to serve as a deterrent to other establishments considering exhibiting pirated programs.

Pursuant to 47 U.S.C. § 605, any person who, without authorization, receives and publishes a communication, including a satellite broadcast, may be liable for statutory damages. Damages may be awarded in a sum of not less than $1,000.00 and not more than $10,000.00. Id. at § 605(e)(3)(C)(i)(II). In the event the Court finds the interception was willful and for direct or indirect commercial advantage or private financial gain, additional damages may be awarded in a sum not more than $100,000.00. Id. at § 605(e)(3)(C)(ii). Section 605 also provides for an award of reasonable attorneys' fees and costs. Id. at § 605(e)(3)(B)(iii).

After consideration of the facts and arguments set forth in the materials submitted by Plaintiff, the Court finds an award of damages in excess of the amount Defendant would have paid had she properly purchased the rights to broadcast the program is necessary to satisfy the intent of the above-noted statutes. In determining the amount of damages that will be just and serve the interest of law, the Court finds Plaintiff is entitled to recover $10,000.00 in statutory damages. Additionally, because the interception and exhibition were willful and

for commercial purpose or private financial gain, the Court awards an additional $100,000.00.

Plaintiff also seeks to recover the attorneys' fees and costs expended in pursuing this action. According to Plaintiff, it has incurred attorneys' fees in the amount of $1,695.00 and costs in the amount of $606.33. As the prevailing party, Plaintiff is entitled to recover attorneys' fees pursuant to 47 U.S.C. § 605(e)(3)(B)(iii) and costs pursuant to 28 U.S.C. § 1920. The Court has considered the affidavits submitted in support of the fee request and finds that the amount sought is reasonable and proper. The costs sought are also proper under § 1920. Accordingly, Plaintiff will be awarded attorneys' fees in the amount of $1,695.00 and costs in the amount of $606.33.

For the reasons set forth herein, Plaintiff's Motion for Default Judgment Against Defendant (Dkt. No. 13) is GRANTED. Plaintiff shall recover $10,000.00 in statutory damages and $100,000.00 in enhanced damages. Plaintiff shall also recover attorneys' fees of $1,695.00 and costs in the amount of $606.33. A separate judgment will issue.

IT IS SO ORDERED this 7th day of February, 2017.

ROBIN J. CAUTHRON
United States District Judge